1
2
3
4
5
6              IN THE UNITED STATES DISTRICT COURT
7                 FOR THE DISTRICT OF ARIZONA
8
9    Jerry Kaczmarek,                    )    No. CV 09-2094-PHX-FJM (ECV)
                                         )
10             Petitioner,               )    **REPORT AND RECOMMENDATION**
                                         )
11   vs.                                 )
                                         )
12                                       )
     Charles L. Ryan, et al.,            )
13                                       )
               Respondents.              )
14                                       )
                                         )
15   _____ )

16   TO THE HONORABLE FREDERICK J. MARTONE, UNITED STATES DISTRICT

17   JUDGE:

18                          **BACKGROUND**

19          Pending before the court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C.

20   § 2254 filed by Petitioner Jerry Kaczmarek.  (Doc. 1).  Pursuant to a plea agreement,

21   Petitioner pled guilty on June 14, 2005, in the Maricopa County Superior Court to one count

22   of sexual conduct with a minor under the age of fifteen, one count of child molestation, and

23   two counts of attempted child molestation.  (Doc. 9, Exh. C, D).  On September 14, 2005,

24   Petitioner was sentenced to a total of 40 years in prison to be followed by lifetime probation.

25   (Doc. 9, Exh. F at 10-11, G).

26          On December 1, 2005, Petitioner filed a Notice of Post-Conviction Relief under Rule

27   32 of the Arizona Rules of Criminal Procedure.  (Doc. 9, Exh. H).  On July 6, 2006,

28   Petitioner's court-appointed counsel in the post-conviction relief proceedings, filed a Notice

of Completion of Post-Conviction Review in which she stated that after reviewing the file she was unable to find any claims for relief to raise in a petition for post-conviction relief. (Doc. 9, Exh. I). Counsel also asked the court to extend the deadline to allow Petitioner to file a *pro se* post-conviction petition. (Id.). On February 22, 2007, Petitioner filed a *pro se* Petition for Post-Conviction Relief in which he raised two claims for relief: 1) that he received ineffective assistance of counsel based on his lawyer's failure to request a competency hearing; and 2) that the Arizona courts lack jurisdiction over him. (Doc. 9, Exh. J). After briefing was completed, the Superior Court dismissed the petition in an order filed on June 15, 2007. (Doc. 9, Exh. M). In addition to the two claims raised in his opening petition, the court also addressed claims raised for the first time in the reply. (Id.). Petitioner then filed a Petition for Review in the Arizona Court of Appeals which was denied on March 18, 2008. (Doc. 9, Exh. N, O). Petitioner's subsequent Petition for Review in the Arizona Supreme Court was denied on October 10, 2008. (Doc. 9, Exh. P, Q).

On October 2, 2009, Petitioner filed his habeas petition in this court. He alleges five grounds for relief: 1) that his attorney provided ineffective assistance of counsel when he failed to request a competency hearing; 2) that the State of Arizona has no jurisdiction over him; 3) that he was wrongfully prosecuted as Jerry Kaczmarek instead of Jerome Kaczmarek; 4) that his plea agreement is void as an adhesion contract; and 5) that the Arizona Department of Corrections refused to comply with a court order to produce records that were vital to Petitioner's claims in his state post-conviction proceedings. The District Court Judge screened the petition and directed Respondents to file an answer. (Doc. 3). Respondents filed an Answer to Petition for Writ of Habeas Corpus on February 10, 2010. (Doc. 9). Petitioner then filed a Reply on June 14, 2010. (Doc. 17).

## DISCUSSION

Respondents contend that Petitioner's claims in grounds two, three four and five are procedurally defaulted. They further argue that ground one, which alleges ineffective assistance of counsel, should be denied on the merits. Petitioner argues in his reply that his claims were adequately presented in the state court and are, therefore, not procedurally

1  defaulted.  The reply also contains additional argument regarding the merits of each claim.

2  **A.    Procedural Default**

3      **1.    Legal Standards**

4      A state prisoner must exhaust his remedies in state court before petitioning for a writ

5  of habeas corpus in federal court.  28 U.S.C. § 2254(b)(1) & (c); Duncan v. Henry, 513 U.S.

6  364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991).  To properly

7  exhaust state remedies, a petitioner must fairly present his claims to the state's highest court

8  in a procedurally appropriate manner.  O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999).  A

9  petitioner "must give the state courts one full opportunity to resolve any constitutional issues

10 by invoking one complete round of the State's established appellate review process."  Id. at

11 845.  In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals

12 by properly pursuing them through the state's direct appeal process or through appropriate

13 post-conviction relief.  Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen

14 v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

15      A claim has been fairly presented if the petitioner has described both the operative

16 facts and the federal legal theory on which the claim is based.  Bland v. Cal. Dep't of

17 Corrections, 20 F.3d 1469, 1472-73 (9th Cir.1994), overruled on other grounds by Schell v.

18 Witek, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); Tamalini v. Stewart, 249 F.3d 895,

19 898-99 (9th Cir. 2001).  "Our rule is that a state prisoner has not 'fairly presented' (and thus

20 exhausted) his federal claims in state court unless he specifically indicated to that court that

21 those claims were based on federal law."  Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir.

22 2000), amended on other grounds, 247 F.3d 904 (9th Cir. 2001).  "If a petitioner fails to alert

23 the state court to the fact that he is raising a federal constitutional claim, his federal claim is

24 unexhausted regardless of its similarity to the issues raised in state court."  Johnson v. Zenon,

25 88 F.3d 828, 830 (9th Cir. 1996).  "Moreover, general appeals to broad constitutional

26 principles, such as due process, equal protection, and the right to a fair trial, are insufficient

27 to establish exhaustion."  Hivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing Gray

28 v. Netherland, 518 U.S. 152, 162-63 (1996)).

If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner. See Rose v. Lundy, 455 U.S. 509, 519-20 (1982); Harris v. Reed, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring). If remedies are still available in state court, the federal court may dismiss the petition without prejudice pending the exhaustion of state remedies. Id. However, if the court finds that the petitioner would have no state remedy were he to return to the state court, then his claims are considered procedurally defaulted. Teague v. Lane, 489 U.S. 288, 298-99 (1989); see also Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002) (a defendant's claim is procedurally defaulted when it is clear that the state court would hold the claim procedurally barred). The federal court will not consider these claims unless the petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. See Dretke v. Haley, 124 S.Ct. 1847, 1851-52 (2004); Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Murray v. Carrier, 477 U.S. 478, 495-96 (1986).

**2.    Ground Two**

Petitioner alleges in ground two that the State of Arizona violated the First, Fourth, Fifth, Sixth, Eighth, Ninth, Thirteenth and Fourteenth Amendments to the Constitution by exercising personal jurisdiction over him. Other than his summary allegation, he fails to explain how each of these amendments was violated. Although Petitioner raised a lack of personal jurisdiction claim in his state petition for post-conviction relief, he did not allege a violation of any federal constitutional amendments. (Doc. 9, Exh. J at 4). Nor did he allege a violation of any federal constitutional amendments in the reply in support of his petition for post-conviction relief. (Doc. 9, Exh. L).

By failing to fairly present his personal jurisdiction claim in the state court as a violation of the constitutional amendments identified in his habeas petition, Petitioner has failed to exhaust his state court remedies. He did not give the state any opportunity, let alone a full opportunity, to address his federal constitutional claims. Moreover, Petitioner would

no longer have a remedy if he returned to the state court.[1]   As a result, the claim is procedurally defaulted.

Although Petitioner denies in his habeas reply that he failed to fairly present his claims to the state court, he also contends that he has shown cause for any default along with actual prejudice.  He claims that a document supporting his lack of jurisdiction claim was not available at the time he filed his state post-conviction petition.  (Doc. 17 at 2).  That argument, however, does not address why he failed to present the personal jurisdiction claim as a violation of federal constitutional rights.  He further contends that the Department of Corrections' failure to release his medical records to him establishes cause and prejudice.  Again, however, he fails to show how that affected his ability to allege violations of the federal constitution.  Because the court finds Petitioner's cause and prejudice arguments to be without merit, it will recommend that ground two be denied as procedurally defaulted.

### 3.   Grounds Three, Four and Five

Petitioner's claims in grounds three, four and five, that he was wrongfully prosecuted, that his plea agreement is void as an adhesion contract, and that the Department of Corrections refused to produce medical records, were not properly raised in his state petition for post-conviction relief.  The claim in ground three was not mentioned at all, in either the opening petition or the reply.   The claim is therefore unexhausted.

Regarding the adhesion contract claim in ground four, Petitioner made no mention of it in his opening petition.  Petitioner did, however, raise a similar claim in the reply.  (Doc. 9, Exh. L at 2).  But the claim contained no allegation that the plea agreement violated the Fifth, Thirteenth or Fourteenth Amendments, as alleged in the habeas petition.  Thus, leaving aside his failure to raise the claim in his opening petition, Petitioner's failure to present it in the state court as a federal constitutional violation constitutes a failure to exhaust the claim.

---

[1] The time has passed to seek post-conviction relief in state court under Rule 32.4(a) of the Arizona Rules of Criminal Procedure and Petitioner has not shown that any of the exceptions to the time limits under Rule 32.1(d), (e), (f), (g) or (h) apply to him.

As to ground five, Petitioner mentioned in his opening petition that the Department of Corrections had not complied with a court order for mental health records, but it was in the context of his claim for ineffective assistance of counsel, not as a separate claim for relief. (Doc. 9, Exh. J at 3-4). Additionally, Petitioner asserted that the Department's refusal to produce the records violated his due process rights. (Id.). However, this one-line, general reference to due process, especially when mentioned merely in the context of arguing an ineffective assistance claim, is insufficient to establish exhaustion. See Hivala, 195 F.3d at 1106.

Petitioner again alleged in the reply that the Department of Corrections failed to comply with a court order to produce mental health records. (Doc. 9, Exh. L at 3). And although it appears that Petitioner identified it as a separate claim in the reply, he failed to adequately allege a federal constitutional violation. He simply stated that the Department's failure to provide the records impaired his ability to support his claims in violation of his "U.S. Constitutional rights of fair and impartial proceedings." (Id.). He alleged no violation of the Fifth, Eighth, Thirteenth and Fourteenth Amendments, as he did ground five of the habeas petition. By failing to adequately present the issue as a federal claim, Petitioner has failed to exhaust the claim in ground five.

As with ground two, Petitioner would no longer have a remedy if he returned to the state court. As a result, the claims in grounds three, four and five are procedurally defaulted. Petitioner's arguments that he has demonstrated cause and prejudice, as discussed above, are without merit. Nor has Petitioner shown a miscarriage of justice to overcome the procedural default. The court will therefore recommend that grounds three, four and five be denied.

**B.    Merits Analysis**

**1.    AEDPA Standard of Review**

Under the AEDPA[2], a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the State court

_____

[2] Antiterrorism and Effective Death Penalty Act of 1996.

decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 412-413 (2000) (O'Connor, J., concurring and delivering the opinion of the Court as to the AEDPA standard of review). A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." Taylor, 529 U.S. at 405-06.   "A state court's decision can involve an 'unreasonable application' of Federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable."   Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002).   Thus, the "unreasonable application" clause requires the state court's application of Supreme Court law to be more than incorrect or erroneous; it must be objectively unreasonable.  Lockyer v. Andrade, 538 U.S. 63, 75 (2003).  "When applying these standards, the federal court should review the 'last reasoned decision' by a state court ...." Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).

## 2.    Legal Standard for Ineffective Assistance Claims

The two-prong test for demonstrating ineffective assistance of counsel was established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).  To prevail on an ineffective assistance claim, a convicted defendant must show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Strickland, 466 U.S. at 687-88.  There is a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. Strickland, 466 U.S. at 689-90.  "A fair assessment of attorney performance requires that

1   every effort be made to eliminate the distorting effects of hindsight, to reconstruct the

2   circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's

3   perspective at the time." Id. at 689.

4       The Strickland test also applies to challenges to guilty pleas based on ineffective

5   assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). A defendant who pleads

6   guilty based on the advice of counsel may attack the voluntary and intelligent character of

7   the guilty plea by showing that the advice he received from counsel fell below the level of

8   competence demanded of attorneys in criminal cases. Id. at 56. To satisfy the second prong

9   of the Strickland test, "the defendant must show that there is a reasonable probability that,

10  but for counsel's errors, he would not have pleaded guilty and would have insisted on going

11  to trial." Id. at 59.

12      In the context of a habeas petition, a petitioner must do more than demonstrate to the

13  federal court that the state court applied Strickland incorrectly. Bell v. Cone, 535 U.S. 685,

14  698-99 (2002). Rather, a petitioner must demonstrate that the state court "applied Strickland

15  to the facts of his case in an objectively unreasonable manner." Id.

16      **3.    Ground One**

17      Petitioner contends in ground one that his lawyer provided ineffective assistance of

18  counsel when he failed to request a competency hearing or medical evaluation in light of the

19  medications Petitioner was taking at the time of his plea agreement. Petitioner exhausted this

20  claim in the state post-conviction proceedings.

21      The last reasoned decision by the state court on the ineffective assistance claim was

22  the Superior Court's decision on the petition for post-conviction relief. (Doc. 9, Exh. M).

23  After explaining the legal standard for such claims, the court ruled as follows:

24      Defendant has failed to show by affidavit or other evidence that his attorney's
        performance in failing to request a competency hearing was not reasonable
25      under the circumstances of his case. Defendant has also failed to present any
        specific facts which would indicate that evidence regarding his alleged
26      condition would have impacted the sentence.

27  (Id.). After addressing other issues, the court dismissed the petition. The Arizona Court of

28  Appeals and the Arizona Supreme Court summarily denied review.

Nothing in Petitioner's habeas petition or the reply establishes that the state court applied the <u>Strickland</u> standard in an objectively unreasonable manner. Petitioner provides no evidence to show that requesting a competency evaluation would have made a difference. He presents nothing to demonstrate that a competency evaluation would have revealed a mental disorder that rendered him incompetent to enter the plea agreement. He simply asserts that he was under duress and not a willing participant in the proceedings, and that a competency hearing would have revealed this. Petitioner's arguments are insufficient to satisfy the high standard for habeas relief. Accordingly, this court will recommend that Petitioner's ineffective assistance of counsel claim in ground one be denied.

**C.     Conclusion**

Based on the foregoing analysis, the court finds that grounds two, three, four and five are procedurally defaulted and recommends that they be denied on that basis. The court further finds that the remaining claim in ground one should be denied on the merits. Having found that all of Petitioner's claims should be denied, the court will recommend that the petition for writ of habeas corpus be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED**:

That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right..

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. <u>See</u>, 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have 14 days within which to file a response to the objections.  Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation.  See Fed. R. Civ. P. 72.

DATED this 26th day of October, 2010.

Edward C. Voss
United States Magistrate Judge