**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Kaczmarek ) | No. CV-09-2094-PHX-FJM |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Charles L. Ryan , et al., ) | |
| Defendants. ) | |

The court has before it petitioner's petition for a writ of habeas corpus for a person in state custody, pursuant to 28 U.S.C. § 2254 (doc. 1), respondents' response (doc. 9), and petitioner's reply (doc. 17). We also have the Report and Recommendation of the United States Magistrate Judge recommending that the petition for writ of habeas corpus be denied (doc. 19), petitioner's objections to the Report and Recommendation (doc. 20), and petitioner's motion for a certificate of appealability (doc. 21).

Petitioner raises five grounds for relief: (1) counsel's failure to request a competency hearing or medical evaluation, and decision to not present evidence that petitioner was not the named defendant constituted ineffective assistance; (2) the State of Arizona does not have jurisdiction over petitioner; (3) petitioner was wrongly prosecuted as Jerry Kaczmarek, rather than Jerome Kaczmarek; (4) petitioner's plea agreement is void as an adhesion contract; and

1  (5) the Arizona Department of Corrections did not comply with a court order to produce
2  records related to petitioner's Petition for Post-Conviction Relief ("PCR") before the
3  Superior Court of Arizona in Maricopa County. For the reasons explained below, we accept
4  the recommended decision of the Magistrate Judge and deny the petition for a writ of habeas
5  corpus.

6        The Magistrate Judge recommends that petitioner's first claim, for ineffective
7  assistance of counsel, be denied. Petitioner argues that counsel should have requested a
8  competency hearing or medical evaluation because at the time of the plea hearing,
9  petitioner's capacity was diminished due to daily intake of two psychological medications.
10 Petitioner also contends that counsel was ineffective for failing to show that petitioner was
11 not the named defendant. In its ruling on petitioner's PCR, the Superior Court concluded that
12 defendant failed to show that his attorney's performance was not reasonable under the
13 circumstances. Dismissal of PCR, ex. M at 2 (doc. 9). We agree that petitioner has not
14 demonstrated that requesting an evaluation would have made a difference in his case.
15 Petitioner has not shown "that there is a reasonable probability that, but for counsel's errors,
16 he would not have pleaded guilty and would have insisted on going to trial." Hill v.
17 Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 370 (1985). Additionally, petitioner did not raise
18 his claim that he was not the named defendant in his state PCR, and thus that claim is
19 unexhausted.

20       The Magistrate Judge further concludes that petitioner failed to fairly present his
21 personal jurisdiction claim (ground two) in his state proceedings, and that because no remedy
22 would be available if petitioner returned to state court, the claim is procedurally defaulted.
23 We agree. In his PCR, plaintiff alleges that the state lacked jurisdiction over him, but does
24 not allege any federal constitutional violations. PCR, ex. J at 4 (doc. 9). See Johnson v.
25 Zenon, 88 F.3d 828, 830 (9th Cir. 1996) ("If a petitioner fails to alert the state court to the
26 fact that he is raising a federal constitutional claim, his federal claim is unexhausted
27 regardless of its similarity to the issues raised in state court."). We also agree with the
28 Magistrate Judge's conclusion that petitioner failed to demonstrate cause or prejudice arising

1 from the procedural default. See Edwards v. Carpenter, 529 U.S. 446, 451, 120 S.Ct. 1587, 1591 (2000). We therefore deny petitioner's jurisdiction claim.

We also agree with the Magistrate Judge's determination that grounds three, four and five are unexhausted. Petitioner did not refer at all to the third ground for relief, that he was prosecuted under the incorrect name, in his state petition. While petitioner did make an argument similar to his ground four adhesion contract claim in his reply for his PCR, he did not allege any violations of federal law. Reply to PCR, ex. L at 2 (doc. 9). Petitioner also did not adequately raise his fifth ground for relief, that the Arizona Department of Corrections failed to produce records vital to his PCR. As part of his ineffective assistance claim in his state petition, petitioner alleged simply that the Department's refusal to provide the records violated his due process rights. Petitioner did not assert a separate ground for relief based on the records, and did not make any specific allegations as to how his rights were violated. PCR, ex. J at 3 (doc. 9). Petitioner mentioned the records again in his PCR reply brief, but alleged only that the state violated his "U.S. Constitutional rights of fair and impartial proceedings." Reply to PCR, ex. L at 3 (doc. 9). As with ground two, petitioner has not demonstrated cause and prejudice as to any of these defaulted claims.

In his Objection to the Report and Recommendations, petitioner argues that as a pro se litigant, he should not be held to the same standards that would apply to a lawyer, and therefore the Magistrate Judge's conclusion that he did not adequately present his federal claims to the state court is erroneous. Objections at 2 (doc. 20). However, petitioner did not meet the less stringent standards applied to pro se filings. By not explaining which rights were allegedly violated, petitioner failed to fairly present the issues as federal claims before the state court. Therefore, these three claims are unexhausted, and are procedurally defaulted.

Petitioner also objects to the Magistrate Judge's Report and Recommendations on several other grounds. Petitioner argues that the Magistrate Judge resolved a credibility issue against petitioner without holding an evidentiary hearing. Objections at 2. However, the Report and Recommendation contains no credibility determinations. Petitioner also requests

- 3 -

1  that we hold an evidentiary hearing to determine if the state court used a "Waltreus" default
2  that is not a bar to relief in federal court. Objections at 3. This is apparently a reference to
3  the California Supreme Court's rule that it will not review in a habeas petition any claim
4  raised on direct appeal. See In re Waltreus, 62 Cal.2d 218, 225, 397 P.2d 1001, 1005 (1965).
5  But the Magistrate Judge did not apply such a rule in his Report and Recommendation.
6  Petitioner further argues that the state court's decision was not based on an independent and
7  adequate state ground, and therefore did not preclude federal review. Objections at 3–4.
8  This contention is also unavailing because the Magistrate Judge did not determine that an
9  adequate and independent state ground precluded federal review.
10       We accept the recommended decision of the Magistrate Judge, pursuant to 28 U.S.C.
11  § 636(b)(1). **IT IS ORDERED DENYING** the petition for a writ of habeas corpus (doc. 1).
12  **IT IS FURTHER ORDERED DENYING** a certificate of appealability because a plain
13  procedural bar is present and a reasonable jurist could not conclude that petitioner should be
14  allowed to proceed further, and petitioner has not made a substantial showing of the denial
15  of a constitutional right (doc. 21).
16       DATED this 20th day of December, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge